IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re                                                                    Case No. 25-19766-LSS

7333 New Hampshire T Units LLC                           Chapter 11

    Debtor.
_____/

**REPORT PURSUANT TO 11 U.S.C. § 1188**

Comes now 7333 New Hampshire T Units LLC (the "Debtor" or "7333 NHTU"), pursuant to Section 1188 of Title 11 of the United States Code (the "Bankruptcy Code"), and reports as follows:

This a slightly—albeit not entirely—unusual chapter 11 case, insofar as the Debtor's primary objective is avoiding the loss of two condominium units through a tax sale foreclosure. The Debtor's rights of redemption appear to have been foreclosed on or about August 8, 2025. Both units have values palpably greater than the underlying tax debt. And it is accordingly sensible, in light of this Honorable Court's holding in *Tucker v. Brusznicki (In re Tucker)*, 2022 Bankr. LEXIS 2755 (Bankr. D. Md. Oct. 1, 2022), and the United States District Court for the District of Maryland's partial affirmance thereof in *Brusznicki v. Tucker (In re Tucker)*, 653 B.R. 598 (D. Md. 2023), for 7333 NHTU to use the various avoidance powers of chapter 5 to seek to regain ownership of the two at-issue condominium units.

The Debtor does have certain other monetary obligations that will be likewise addressed through this case. With both these other obligations, and the aforementioned tax debts, it is the Debtor's intent to timely file a plan of reorganization that proposes to pay all claims, in full, on the effective date, through the making of a capital contribution from the equity interest of 7333 NHTU.

1

As of the filing of this report, no discussions have been had with any creditors (though an informal exchange of messages has been undertaken with a local attorney, rather familiar to undersigned counsel through other matters, who it is believed *might* be representing a party in interest). The Debtor has, however, spoken extensively with the Subchapter V trustee, both directly and through counsel. And, in light of the contemplated form of a 100% plan that pays all claims in full on the effective date, it is reasonably anticipated this case will result in a consensual plan (even if only because all classes will be legally deemed to be unimpaired and, ergo, to have accepted the plan under the provisions of Section 1126(f) of the Bankruptcy Code).

Finally, as to payment of the Subchapter V trustee's fees, the Debtor has *not* entered into an escrow agreement but, rather, has reached an informal agreement—in line with that utilized in other cases involving the same trustee and unrelated clients of undersigned counsel—where the pre-petition retainer being held by counsel will be allocated such that $5,000.00 is held for the benefit of the Subchapter V trustee.

Respectfully submitted,

Dated: December 10, 2025     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of December 2025, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                      /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig, Esq.