IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **In re:**<br><br>**7333 New Hampshire T Units LLC,**<br><br>Debtor. | Case No.  25-19766-LSS<br>Chapter 11 (Subchapter V) |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO
CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel, moves this Court to convert this case to Chapter 7 or, in the alternative, to dismiss the case filed by 7333 New Hampshire T Units LLC (the "Debtor") pursuant to 11 U.S.C. § 1112 due to gross mismanagement of the estate, failure to maintain appropriate insurance, failure to file monthly operating reports, and failure to timely provide information reasonably requested by the United States Trustee.  In support of this motion, the United States Trustee states as follows:

### I.  JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper under 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 1112(b) and Fed. R. Bankr. P. 9013, 9014.

4. The United States Trustee has standing to bring this motion pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under Chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

1

## II.   BACKGROUND

5.   On October 19, 2025, the Debtor filed a voluntary petition under Chapter 11 Subchapter V of the Bankruptcy Code.  ECF 1.

6.   The Debtor owns and manages real property.  *See* ECF 1 at Schedule A/B.

7.   The Debtor owns two condominium units located in Takoma Park, Maryland (the "Real Property").  ECF 1 at Schedule A/B.

8.   The meeting of creditors required by 11 U.S.C. § 341(a) (the "341 Meeting") was held on November 19, 2025.

9.   On October 22, 2025, the United States Trustee sent to the Debtor via email routine correspondence containing information about the Chapter 11 process, Chapter 11 debtor requirements, the date, time, and access information for the Section 341 Meeting, the date and time for the Initial Debtor Interview ("IDI") prescribed by the Operating Guidelines and Reporting Requirements of the United States Trustee for the District of Maryland ("Guidelines"), and a series of requests for documents and information that were required to be produced to the United States Trustee by October 31, 2025 (the "Initial UST Request").  *See* Exhibit 1.

10.   The IDI was scheduled for November 6, 2025 and the Debtor provided some but not all of the items requested in the Initial UST Request.

11.   After the IDI, on November 6, 2025, the United States Trustee sent a follow-up request to the Debtor (the "Second UST Request") seeking all documents and information then outstanding.  *See* Exhibit 2.  The Second UST Request repeated the initial request for, among other things, proof of insurance and proof that a debtor-in-possession bank account had been opened.  The United States Trustee requested all such information by November 14, 2025.  *See id.*  No information was provided by this deadline.  *See* Exhibit 3.

12. To date, all documents and information requested by the United States Trustee since the IDI remain outstanding – including, but not limited to, proof of insurance on the Real Property, the balance sheet, the rent roll, proof of opening a debtor in possession bank account, proof of the closing of the pre-petition bank accounts, information regarding pre-petition litigation, and amended schedules.

13. Additionally, the Debtor's monthly operating reports for October, November, and December 2025 remain outstanding.

### III.   ARGUMENT

**A. Cause Exists to Convert this Case Pursuant to 11 U.S.C. § 1112**

14. Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases and provides in relevant part: "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause…" 11 U.S.C. § 1112(b)(1).

15. Section 1112(b)(4) of the Bankruptcy Code enumerates 16 definitions of "cause," including gross mismanagement of the estate, failure to maintain appropriate insurance that poses a risk to the estate or the public, failure to timely file monthly operating reports, and the failure to timely provide information reasonably requested by the United States Trustee. 11 U.S.C. §§ 1112(b)(4)(B), (C), (F), (H).

16. A bankruptcy court has wide discretion to determine whether cause exists to convert or dismiss a case. *See In re Prods. Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (stating factors enumerated in section 1112(b)(4) are not exclusive).

> **i.       This Case Should be Converted Pursuant to 11 U.S.C. § 1112(b)(4)(B) Because the Estate is Grossly Mismanaged.**

38.     Cause exists to convert or dismiss a case if there is gross mismanagement of the estate.  11 U.S.C. § 1112(b)(4)(B).

39.     Courts have noted that gross mismanagement of an estate constitutes a breach of a debtor-in-possession's fiduciary duty to its creditors.  *See In re Exigent Landscaping, L.L.C.*, 656 B.R. 757, 769 (Bankr. E.D. Mich. 2024); *In re M.A.R. Designs & Constr., Inc.,* 653 B.R. 843, 857 (Bankr. S.D. Tex. 2023); *see also Nester v. Gateway Access Sols., Inc.* (*In re Gateway Access Sols., Inc.*), 374 B.R. 556, 565 (Bankr. M.D. Pa. 2007) (citing *Petit v. New Eng. Mortgage Servs.*, 182 B.R. 64, 69 (D. Me. 1995)) ("A debtor-in-possession has a duty to keep the Court and its creditors informed about the status and condition of its business.")

40.     Courts have found gross mismanagement in various instances where the debtor failed to fulfill its obligations as a debtor-in-possession, disclose information, and/or cooperate with the United States Trustee.  *See, e.g.,* I*n re Congaree Triton Acqs., L.L.C.,* 492 B.R. 843, 853 (Bankr. D.S.C. 2012) (holding that the debtor's failure to timely establish a debtor-in-possession account and use of prepetition accounts on behalf of insiders after the petition date constitutes gross mismanagement of the estate); *In re EarthSnap, Inc.*, 670 B.R. 49, 56 (Bankr. E.D. Tex. Apr. 21, 2025) (finding gross mismanagement of the estate when the debtor failed to file monthly operating reports, to timely open a debtor-in-possession bank account, and to clearly explain or disclose allocation of income and expenses amongst related entities); *In re Turk. Leg Hut & Co.,* 66*5* B.R. 129, 140 (Bankr. S.D. Tex. 2024) (stating that the debtor's failure to attend IDIs, disclose pertinent information in bankruptcy documents, timely file monthly operating reports, and to maintain insurance on assets contributed to the finding of gross mismanagement); *In re Midwest Props. of Shawano, L.L.C.*, 442 B.R. 278, 290 (Bankr. D. Del. 2010) (granting

UST motion to dismiss alleging, among other things, gross mismanagement of the estate where debtors failed to cooperate with UST by refusing to provide basic financial documents and did not have current insurance on a property).

41. Gross mismanagement of the estate exists because the Debtor has not completed many of the basic tasks required of a debtor in possession despite repeated requests for compliance by the United States Trustee. For example, this case has been pending in Chapter 11 for nearly three months, and the Debtor has failed to provide evidence that the debtor in possession bank account has been opened and pre-petition accounts have been closed. The Debtor is also delinquent in filing monthly operation reports for October and November 2025.

42. The Debtor has availed itself of the protections of the bankruptcy process but has been unwilling to fulfill its obligations as a debtor-in-possession. The debtor's disregard for its duty to provide information to this Court, the United States Trustee, creditors, and parties in interest and to address important issues constitutes gross mismanagement of the estate. Cause therefore exists to convert this case pursuant to section 1112(b)(4)(B) of the Bankruptcy Code.

  ii.  **This Case Should be Converted Pursuant to 11 U.S.C. §§ 1112(b)(4)(C) Because the Debtor has Failed to Show It Maintains Appropriate Insurance.**

43. Cause exists to dismiss or convert a case if the debtor fails to maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. § 1112(b)(4)(C); *see also In re GEL, L.L.C.*, 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (finding cause to dismiss or convert a case pursuant to section 1112(b)(4)(C) where debtor allowed insurance policy covering real property to lapse post-petition); *In re Van Eck*, 425 B.R. 54, 61 (Bankr. D. Conn. 2010) (failure to provide sufficient property and liability insurance coverage to protect assets of estate against loss constitutes cause pursuant to section 1112(b)(4)(C)); *In re Turk. Leg Hut & Co.,* 665 B.R. at 139 (finding cause to dismiss or convert under § 1112(b)(4)(C) when the monetary limit of the

debtor's insurance policy was less than the net book value of the debtor's assets); *Willner v. Fitzgerald*, No. 1:22-CV-486-MSN-JFA, 2023 WL 2422431, at *5 (E.D. Va. Feb. 7, 2023), aff'd, No. 23-1247, 2024 WL 1615019 (4th Cir. Apr. 15, 2024) (holding that "force-placed" hazard insurance by a lien-holder does not relieve the debtor's burden to maintain appropriate insurance to protect the bankruptcy estate).

44. The United States Trustee has repeatedly requested evidence of insurance covering the Real Property listed on Schedule A/B and general business liability insurance. To date, nothing has been provided to the United States Trustee that evidences the Debtor maintains appropriate insurance.

45. The Debtor has failed to show that it maintains appropriate insurance on all estate assets. Upon information and belief, the Debtor has tenants in the Real Property creating considerable risk to the estate and the public if appropriate insurance is not maintained. Cause therefore exists to convert this case pursuant to 11 U.S.C. § 1112(b)(4)(C).

  **iii.**  **This Case Should be Converted Pursuant to 11 U.S.C. §§ 1112(b)(4)(F), (H) Because the Debtor is Delinquent in Filing Monthly Operating Reports.**

17. Cause exists to dismiss or convert a case due to the unexcused failure of a debtor to timely satisfy any filing or reporting requirement established by Title 11 of the Bankruptcy Code. 11 U.S.C. § 1112(b)(4)(F); *see also In re Landmark Atlantic Hess Farm*, LLC, 448 B.R. 707, 716-17 (Bankr. D. Md. 2011) (finding cause for dismissal under 11 U.S.C. § 1112(b)(4)(F) even after the debtor filed catch-up monthly operating reports two days before a hearing on the United States Trustee's motion to dismiss).

18. "Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case." *In re Tornheim*, 181 B.R. at 164. Monthly operating reports are not busy work – they are essential. *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 173 (B.A.P. 1st Cir

6

2016). "Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts." Id. (*citing ABCD Holdings, LLC v. Hannon (In re Hannon)*), 512 B.R. 1, 19 (Bankr. D. Mass 2014)).

19. Not only must monthly operating reports be timely filed, but they must also be accurate. Failure to file accurate monthly operating reports is also grounds for conversion or dismissal of a case. *In re Congaree Triton Acquisitions, LLC*, 492 B.R. at 854; *see also In re DRTMG*, 667 B.R. 862, 873 (Bankr. S.D. Ohio 2025) ("[M]onthly operating reports that are not timely, complete, or accurate demonstrate cause" for dismissal under 11 U.S.C. § 1112(b)(4)(F)).

20. In addition, sections 1106(a)(1) and 1107(a) of the Bankruptcy Code require the filing of periodic operating reports. 11 U.S.C. §§ 1106(a)(1), 1107(a); *see also* 11 U.S.C. § 704(a)(8); Fed. R. Bankr. P. 2015.

21. This Court has further held that the failure to file a monthly operating report constitutes cause to convert or dismiss a case under section 1112(b)(4)(H) of the Bankruptcy Code. *In re Sydnor*, 431 B.R. at 596 (holding that each failure to file an operating report in a Chapter 11 case – by itself – establishes cause under 11 U.S.C. § 1112(b)(4)(H)).

22. The Debtor failed to timely file monthly operating reports due for October, November and December 2025. As a result, the case should be converted pursuant to 11 U.S.C. §§ 1112(b)(4)(F), (H).

    iv. **This Case Should be Converted Pursuant to 11 U.S.C. § 1112(b)(4)(H) Due to the Debtor's Failure to Timely Provide Information Reasonably Requested by the United States Trustee.**

46. Cause to convert or dismiss a case exists when a debtor fails to timely provide information requested by the United States Trustee. 11 U.S.C. §1112(b)(4)(H); *see also In re McKenna*, 580 B.R. 1, 13 (Bankr. D.R.I. 2017) (citing *In re Vanilla Woodward, LLC*, 501 B.R.

7

322, 323 (Bankr. E.D. Mich. 2012)) ("The untimely production of reasonably requested information and documents, standing alone, is cause to dismiss.  It is not simply cured by eventual document production after much prodding and the threat of potential court action…"); *In re DRTMG*, 667 B.R. at 874-75 (finding cause under § 1112(b)(4)(H) where Debtor did not respond to requests of United States Trustee seeking correction and/or clarification due to deficiencies in the debtor's disclosures).

47. A debtor's failure to timely provide information reasonably requested by the United States Trustee does not need to be "unexcused" to constitute cause for dismissal.  *In re M.A.R. Designs & Constr., Inc.,* 653 B.R. at 863 (citing *Andover Covered Bridge, LLC,* 553 B.R. at 173–74.

48. Like debtors, the United States Trustee has certain statutory obligations to fulfill in supervising the administration of chapter 11 cases.  *See* 11 U.S.C. § 586(a)(3).  Debtors, in turn, have a duty to cooperate with the United States Trustee so that he can execute his statutory responsibilities.  *See In re McKenna*, 580 B.R. at 13 ("A chapter 11 debtor's cooperation [with the United States Trustee] is critical to maintain the integrity of the reorganization process.");*see also In re Bianco*, 5 B.R. 466, 468 (Bankr. D. Mass. 1980) ("The [United States Trustee] should not have to be chasing debtors into this Court in order to gain their cooperation.")

49. In accordance with these statutory duties, the United States Trustee sent repeated requests for information to the Debtor.  The Debtor has not complied with these requests or any deadlines given for submission of information.  As a result, the United States Trustee is unable to evaluate the financial condition of the Debtor and ensure estate assets are being protected.

50. The Debtor was given ample time to provide documents and information to the United States Trustee.  The Debtor's dereliction of its duty to cooperate with the United States

Trustee establishes cause to convert this case pursuant to 11 U.S.C. § 1112(b)(4)(H).

### B. Conversion is in the Best Interest of Creditors and the Estate.

51. Once cause has been established, the Court must exercise its discretion to determine which action – conversion or dismissal – is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1); *see Rollex Corp. v. Associated Materials* (I*n re Superior Siding & Window), 14* F.3d 240, 242 (4th Cir. 1994);*see also In re Sydnor*, 431 B.R. at 590 (After cause is established, the "court must dismiss the case or convert the case…or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

52. In determining which remedy – dismissal or conversion – is in the best interest of creditors and the estate, the Court should consider the following factors:

   a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal;
   b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
   c. Whether the debtor would simply file a further case upon dismissal;
   d. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;
   e. In assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise;
   f. Whether any remaining issues would be better resolved outside the bankruptcy forum;
   g. Whether the estate consists of a 'single asset';
   h. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;
   i. Whether a plan had been confirmed and whether any property remains in the estate to be administered; and
   j. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Invs. L.L.C. v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012).

53. United States Trustee believes that the best interests of the estate and creditors would be served by converting this case because there appears to be assets that a Chapter 7 trustee could liquidate for the benefit of creditors.

54. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order converting this case to Chapter 7 or, in the alternative, dismissing the case and granting such other and further relief as this Court deems necessary and appropriate.

Date: January 27, 2026

Submitted by,

Matthew W. Cheney
Acting United States Trustee for Region 4
By Counsel

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
Fax: (301) 344-8431
Email: Jeanette.Rice@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2026, a copy of the foregoing United States Trustee's Motion to Convert Case to Chapter 7, or in the Alternative, to Dismiss Case was served electronically through the Court's Electronic Case Filing notices system on the following:

Maurice Belmont VerStandig mac@mbvesq.com,lisa@mbvesq.com,mahlon@dcbankruptcy.com mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email

Angela Shortall ashortall@3cubed-as.com

I FURTHER CERTIFY that on January 27, 2026, a copy of the foregoing United States Trustee's Motion to Convert Case to Chapter 7, or in the Alternative, to Dismiss Case was served by first class mail on the parties listed on the attached Creditor Mailing Matrix.

*/s/ L. Jeanette Rice*
L. Jeanette Rice

```
Label Matrix for local noticing      7333 New Hampshire T Units LLC       U.S. Trustee
0416-0                               1801 16th Street, NW#606             Office of The United States Trustee
Case 25-19766                        Washington, DC 20009-3324            6305 Ivy Lane
District of Maryland                                                      Suite 600
Greenbelt                                                                 Greenbelt, MD 20770-6305
Tue Jan 27 11:56:45 EST 2026

(p)COMPTROLLER OF MARYLAND           Comptroller of Maryland              DC Office of Tax and Revenue
BANKRUPTCY UNIT                      Revenue Administration Division      1101 4th St., SW
7 ST PAUL STREET SUITE 230           PO Box 549                           270
BALTIMORE MD 21202-1626              Annapolis, MD 21404-0549             Washington, DC 20024-4457


Hermes Espinoza                      Internal Revenue Service             Lawrence Wachtel, Esq.
7333 New Hampshire Avenue            PO Box 7346                          1401 Rockville Pike
Unit 902                             Philadelphia, PA 19101-7346          Suite 560
Takoma Park, MD 20912-6965                                                Rockville, MD 20852-1434


Lawrence Wachtel, Esq.               Montgomery County                    Takoma Overlook Condominium Association
1401 Rockville Pike                  27 Courthouse Square                 401 N. Washington Street
Unit 560                             Suite 200                            Suite 500
Rockville, MD 20852-1434             Rockville, MD 20850-2308             Rockville, MD 20850-1789


Takoma Overlook Condominium Association, Inc   US Trustee - Greenbelt     West 11, LLC
c/o Lawrence I. Wachtel, Esq.        6305 Ivy Lane, Suite 600             c/o Eskin Law, LLC
1401 Rockville Pike, Suite 560       Greenbelt, MD 20770-6305             1700 Reisterstown Rd Ste 212
Rockville, Maryland 20852-1434                                            Pikesville, MD 21208-2484


West 11, LLC                         Maurice Belmont VerStandig
c/o Tydings & Rosenberg LLP          The VerStandig Law Firm, LLC
1 East Pratt Street, Suite 901       9812 Falls Road
Baltimore, MD 21202-1249             #114-160
                                     Potomac, MD 20854-3976



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Comptroller of Maryland              End of Label Matrix
7 St. Paul Street, Bankruptcy, Suite ï¿½     Mailable recipients    16
Baltimore, MD 21202-0636             Bypassed recipients     0
                                     Total                  16
```