IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 25-19766-LSS |
| 7333 New Hampshire T Units LLC | Chapter 11 |
| Debtor. | |
| 7333 New Hampshire T Units LLC | Adv. Case No. _____ |
| Plaintiff, | |
| v. | |
| WEST 11, LLC | |
| Defendant. | |

**COMPLAINT TO AVOID JUDGMENTS FORECLOSING RIGHTS OF REDEMPTION**

Comes now 7333 New Hampshire T Units LLC f/k/a Tenacity 7333 New Hampshire Avenue, LLC (the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against West 11, LLC ("West 11" or the "Defendant") states as follows:

**Introduction**

1. This Complaint seeks to avoid the loss of the Debtor's two real estate assets—condominium units 902 ("Unit 902") and 1201 ("Unit 1201") (collectively, the "Units") at the property commonly known as 7333 New Hampshire Avenue, Takoma Park, Maryland 20912—through the tax sale foreclosure process.

2. The Debtor maintains the loss of each property to West 11 is avoidable under both Section 547 and Section 548 of Title 11 of the United States Code (the "Bankruptcy Code"), with

1

the value of both units being so grossly disproportionate to the correlative tax debt as to establish a fundamental absence of reasonably equivalent value, and with both losses having been occasioned less than ninety (90) days prior to October 19, 2025, the date on which an order for relief was entered in this case (the "Petition Date").

3. While this Complaint seeks to avoid the losses as both preferences and fraudulent conveyances, the Debtor does equally believe it important to emphasize that neither actual fraud nor scienter of any variety is herein ascribed to West 11. Rather, the Debtor respects and appreciates the role of West 11 as a participant in the Maryland tax foreclosure process, understands the need to pay—fully—the claim of West 11 in the underlying bankruptcy case (inclusive of lawfully chargeable legal fees and costs), and simply brings this Complaint out of an abiding necessity to avoid the loss of the Units so as to advance the interests of all creditors and the Debtor's estate (inclusive of the interests of equity therein).

## Parties

4. The Debtor is a limited liability company formed pursuant to the laws of the State of Maryland on or about May 26, 2005. The Debtor was formerly known as Tenacity 7333 New Hampshire Avenue, LLC before undergoing a legal name change on the calendar date immediately preceding the Petition Date. The sole member of the Debtor is Michael Postal, a bona fide domiciliary of the District of Columbia.

5. The Defendant is a limited liability company formed pursuant to the laws of the State of Maryland on or about February 26, 2024. The membership of the Defendant is unknown to the Debtor other than to generally aver, for purposes of alternative jurisdictional foundation alleged *infra*, the Debtor has no reason to believe any member of the Defendant is a domiciliary of the District of Columbia.

## Jurisdiction and Venue

6. This Honorable Court enjoys jurisdiction over the instant proceeding pursuant to the allowances of Section 1334 of Title 28 of the United States Code, insofar as the causes of action set forth herein arise under Title 11 of the United States Code (the "Bankruptcy Code").

7. This Honorable Court further enjoys jurisdiction over the instant proceeding pursuant to the allowances of Section 1332 of Title 28 of the United States Code, to the extent this case is between citizens of different states, insofar as the value of Unit 902 and Unit 1201 exceeds Seventy Five Thousand Dollars and No Cents ($75,000.00).

8. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1409 of Title 28 of the United States Code insofar as the chapter 11 case of the Debtor is pending in this Honorable Court.

9. To whatever extent this case may be brought in the United States District Court for the District of Maryland, on account of there existing diversity jurisdiction *sub judice*, this case is nonetheless properly referred to this Honorable Court pursuant to the allowances of Local Rule 402.

## Maryland Tax Sale Process

10. Under Maryland law, when the owner of real property fails to pay—or cause to be paid—taxes correlative to the ownership of said property, the unpaid taxes give rise to a lien.

11. The relevant county's tax collector is then required to sell the subject property at auction, with the purchaser paying the subject taxes together with interest and any penalties, thereby acquiring a tax sale certificate.

12.     The purchaser is then permitted to follow a somewhat-archaic statutory process through which the property owner's rights of redemption may be foreclosed, with the owner being free to redeem the subject property at any time until a judgment of foreclosure is entered.

13.     To redeem a property from tax sale foreclosure, an owner must pay the taxes together with penalties and interest (which continue to accrue after the tax sale certificate purchaser acquires the property from the county tax collector).

14.     Should an owner fail to make these payments, and after certain statutory time periods have lapsed, a tax sale certificate purchaser may foreclose the owner's right of redemption.

15.     Following such a foreclosure, the tax certificate purchaser is required to remit additional monies to the respective county tax collector, so as to perfect ownership of the subject property.

**General Allegations**

16.     In June 2024, and following the Debtor's failure to remit certain real property taxes owing on each of the Units, the Montgomery County tax collector sold a legal interest in each of the Units to Green Magenta LLC pursuant to the above-discussed tax sale certificate process.

17.     At the time of the aforesaid sale, the Debtor owed $5,212.64 in taxes secured by Unit 902, and $4,088.88 in taxes secured by Unit 1201 (also known as "PH01").

18.     The taxes secured by each of the Units remained unpaid on February 24, 2025, when Green Magenta, LLC brought two suits against the Debtor—each in the Circuit Court for Montgomery County, Maryland—to foreclosure the Debtor's respective rights of redemption as to each of the Units.

19.     At some point thereafter, Green Magenta, LLC transferred its rights in the tax sale certificates to West 11, which has continued to hold such interests at all times since.

20. The Debtor failed to answer or otherwise defend either suit and, on August 8, 2025, the Circuit Court for Montgomery County, Maryland entered judgments foreclosing the Debtor's interest in both Units.

21. At the time the judgments of foreclosure were entered, Unit 1201 was worth approximately $175,000.00 and Unit 902 was worth approximately $225,000.00.

22. At the time the judgments of foreclosure were entered, the Debtor was justly indebted to Takoma Overlook Condominium Association, Inc. in the amount of $14,970.57 as and for unpaid fees and assessments on Unit 902, and in the additional amount of $11,602.29 as and for unpaid fees and assessments on Unit 1201.

23. Less than ninety (90) days later, on October 19, 2025, the Debtor filed a petition for chapter 11 relief, pursuant to the allowances of Section 301 of the Bankruptcy Code.

24. It is not believed that, as of the Petition Date, West 11 had perfected its ownership of either of the Units by remitting additional monies to Montgomery County.

**Count I – Avoidable Preference (11 U.S.C. § 547(b))**

25. The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

26. West 11 is—and, at all times relevant, has been—a creditor of the Debtor, being owed $7,143.90 on the Petition Date, according to a proof of claim filed by West 11 in the Debtor's bankruptcy case.

27. The foreclosure of the Units, through the state court process, was on account of the tax debt owed by the Debtor to West 11.

28. The Debtor is presumed to have been insolvent for the ninety (90) days next preceding the Petition Date, including on the date when both judgments of foreclosure were entered by the Circuit Court for Montgomery County, Maryland.

29. The transfer of the Units to West 11 is legally presumed to have occurred on the date of foreclosure of the right of redemption, *not* on the date of the sale of the tax certificate, and thusly occurred within ninety (90) days of the Petition Date.

30. By taking the whole of both Units, West 11 received substantially more—approximately $400,000.00 in property interests—than West 11 would have received if the assets of the Debtor were liquidated in chapter 7, with such a liquidation being prone to invite a payment to West 11 of not more than $7,143.80 together with intervening interest and allowable legal fees.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter judgment in favor of the Debtor, and against West 11, avoiding the foreclosure of the Debtor's right of redemption in both of the Units; and (ii) afford such other and further relief as may be just and proper.

**Count II – Constructively Fraudulent Conveyance (11 U.S.C. § 548(a)(1)(B))**

31. The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

32. While the Debtor was relieved of approximately $7,143.90 in then-current tax obligations on the date when the Debtor's rights of redemption in the Units were foreclosed, such relief came at the expense of $400,000.00 in real estate interests, with the Debtor thusly receiving less than reasonably equivalent value for the loss of the Units.

33. The Debtor held a *de minimis* checking account balance, of less than $10,000.00, on August 8, 2025, but owed more than $25,000.00 to Takoma Overlook Condominium Association, Inc. on the same date, and was accordingly rendered insolvent by virtue of the foreclosure of the Units, with the Debtor having no remaining assets aside from the checking account and an inchoate interest in a separately-deeded portion of the condominium building.

34. The foreclosure of the Units also left the Debtor with unreasonably small capital with which to operate, specifically depriving the Debtor of funds sufficient to pay the matured debt of Takoma Overlook Condominium Association, Inc. and without funds sufficient to acquire alternative real estate assets that could be used to advance the Debtor's business interests.

35. For the avoidance of doubt or ambiguity, this Count II is brought solely pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, and the Debtor does *not* allege West 11 to have undertaken any action with the actual intent to hinder, delay or defraud any other creditor of the Debtor.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter judgment in favor of the Debtor, and against West 11, avoiding the foreclosure of the Debtor's right of redemption in both of the Units; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 17, 2026   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Debtor*