**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re | Case No. 25-19766-LSS |
| 7333 New Hampshire T Units LLC | Chapter 11 |
|     Debtor. | |
| _____ / | |

**<u>DECLARATION OF MICHAEL POSTAL IN SUPPORT OF PLAN CONFIRMATION</u>**

    1.    My name is Michael Postal, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

    2.    I am the corporate designee, and sole equity holder, of the debtor (the "Debtor") in this case.

    3.    I am familiar with the Debtor's Subchapter V Plan of Reorganization (the "Plan"), DE #26, filed in this case, and participated in the preparation thereof.

    4.    Article 2 of the Plan designates classes of claims in this case and, to the best of my understanding and knowledge, and upon consultation with counsel, I believe the manner in which those designations is made is compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code"). (11 U.S.C. § 1123(a)(1)).

    5.    Based on my review of the Plan, the document does not provide for any unimpaired classes of claims, though the interests of equity are unimpaired as expressly denoted therein. (11 U.S.C. § 1123(a)(2)).

    6.    Based on my review of the Plan, the document specifies the treatment of each class of claims that is impaired thereunder. (11 U.S.C. § 1123(a)(3)).

7. Based on my review of the Plan, the document provides for the same treatment for each claim or interest of each particular class (something rendered relatively simple since there are only two classes and each class is comprised of only a single claim). (11 U.S.C. § 1123(a)(4)).

8. The Plan provides for the Debtor to receive a capital contribution, from myself, and to use the subject monies to pay the claims of creditors in full. (11 U.S.C. § 1123(a)(5)).

9. The Debtor is not a corporation. (11 U.S.C. § 1123(a)(6)).

10. To the best of my knowledge, and upon consultation with counsel, I believe the Plan complies with applicable provisions of the Bankruptcy Code. (11 U.S.C. § 1129(a)(1)).

11. To the best of my knowledge, and upon consultation with counsel, I believe the Debtor complies with applicable provisions of the Bankruptcy Code. (11 U.S.C. § 1129(a)(2)).

12. The Plan has been proposed in furtherance of a desire to pay the allowed claims of all creditors, in full, and as part of a good faith desire to sensibly reorganize the Debtor's affairs and obligations. (11 U.S.C. § 1129(a)(3)).

13. The Plan proposes the Debtor pay for services or costs and expenses, incurred in connection with the post-filing (and pre-confirmation) temporal horizon of this case, upon approval of this Honorable Court. (11 U.S.C. § 1129(a)(4)).

14. I will continue to serve as the sole officer and director of the Debtor, and I will remain the Debtor's sole equity holder, following confirmation of the Plan. (11 U.S.C. § 1129(a)(5)).

15. I believe the ongoing service of myself is consistent with the best interests of creditors, the equity holder, and public policy, insofar as I am agreeing to make an equity contribution to pay all claims in full and I would not be so willing if I were to lose control—or ownership—of the Debtor. (11 U.S.C. § 1123(a)(7); (11 U.S.C. § 1129(a)(5)).

16. To the best of my knowledge, no government regulatory commission has jurisdiction over the rates charged by the Debtor. (11 U.S.C. § 1129(a)(6)).

17. The Plan provides for each holder of a claim to receive, on account of such claim, property of a value, as of the effective date of the Plan, that is equal to what would be received in chapter 7, insofar as all claims are being paid, in full, on the Effective Date. (11 U.S.C. § 1129(a)(7)).

18. The Plan provides to pay all claimholders—including administrative priority claimholders—in full, on the effective date. (11 U.S.C. § 1129(a)(9)).

19. Confirmation is not likely to be followed by liquidation or further reorganization insofar as all claims are being paid, in full, on the effective date. (11 U.S.C. § 1129(a)(11)).

20. I do not believe any fees to be due in this case, insofar as this is a Subchapter V case and the filing fee has been paid in full. (11 U.S.C. § 1129(a)(12)).

21. The Debtor does not owe any retiree benefits. (11 U.S.C. § 1129(a)(13)).

22. The Debtor does not owe any domestic support obligations. (11 U.S.C. § 1129(a)(14)).

23. The Debtor is not an individual. (11 U.S.C. § 1129(a)(15)).

24. The Plan only contemplates a transfer of property pursuant to an order of this Honorable Court and does not provide for any other transfer(s) of property. (11 U.S.C. § 1129(a)(16)).

25. The Plan does not discriminate unfairly against any class or claim. (11 U.S.C. § 1191(b)).

26. I genuinely believe the Plan to be fair and equitable in nature. (11 U.S.C. § 1191(b)).

27. Further declarant sayeth naught.

Docusign Envelope ID: 35F41473-FC51-495C-B7FB-859DD294FF0B
Docusign Envelope ID: 35F41473-FC51-495C-B7FB-859DD294FF0B

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 3/4/2026

*Michael Postal*
—4A51F76314AD465...
Michael Postal