IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re                                                          Case No. 25-19766

7333 New Hampshire T Units LLC                                 Chapter 11

    Debtor.
_____/

**ORDER CONFIRMING CHAPTER 11 PLAN**

Upon consideration of the Debtor's Subchapter V Plan of Reorganization (the "Plan"), DE #26, the lack of any objection to the confirmation thereof, the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

FOUND, that the Plan designates classes of claims in a manner compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

FOUND, that the Plan specifies the treatment of each class of claims thereunder; and it is further

FOUND, that the Plan provides for the same treatment for each claim or interest of each particular class; and it is further

1

FOUND, that the Plan provides adequate means for the Plan's implementation, providing for the payment—in full—of all claims, through a capital contribution from equity, on the effective date of the Plan; and it is further

FOUND, that the Debtor is a limited liability company, not a corporation; and it is further

FOUND, that the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the plan and any successor to such officer or director; and it is further

FOUND, that the Debtor is not an individual; and it is further

FOUND, that the Plan complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Debtor complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Plan has been proposed in good faith and not by any means forbidden by law; and it is further

FOUND, that any payment to be made by the Debtor, for services or for costs and expenses in or in connection with this case—or in connection with the Plan and incident to the case—is subject to the approval of this Honorable Court, except for where such services or costs and expenses solely relate to activities undertaken (i) before this case was filed or (ii) after the Plan is confirmed; and it is further

FOUND, that the Debtor has disclosed that Michael Postal will continue to serve as the sole officer, director and shareholder of the Debtor, following confirmation of the Plan; and it is further

FOUND, that service by Mr. Postal is consistent with the interests of creditors, the equity security holder, and public policy; and it is further

FOUND, that no government regulatory commission has jurisdiction over the rates of the Debtor; and it is further

FOUND, that each impaired class of claims or interests, under the Plan, has either (i) accepted the Plan; or (ii) will receive or retain under the Plan, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder(s) would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code; and it is further

FOUND, that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is thereunder impaired and has not voted to accept the Plan; and it is further

FOUND, that the Plan provides for the payment—in full—of claims arising under Section 507(a)(2) of the Bankruptcy Code; and it is further

FOUND, that this was not an involuntarily filed case and, as such, there do not exist any claims under Section 507(a)(3) of the Bankruptcy Code; and it is further

FOUND, that insofar as the Debtor is not a natural person, there do not exist any claims under Section 507(a)(1) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims correlative to wages, salaries, commissions, or sales commissions, within the ambit of Section 507(a)(4) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims for contribution to an employee benefit plan; and it is further

FOUND, that the Debtor is not—and has not been—in the business of raising grain or acting as a fisherman or fishery; and it is further

FOUND, that there do not exist herein any allowed claims correlative to deposits within the ambit of Section 507(a)(7) of the Bankruptcy Code; and it is further

FOUND, that the Plan provides for payment, on the effective date, of all taxes within the ambit of Section 507(a)(8) of the Bankruptcy Code; and it is further

FOUND, that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan; and it is further

FOUND, that all fees due and owing, by the Debtor, under section 1930 of title 28 of the United States Code have either been paid or, pursuant to the provisions of the Plan, are to be paid not later than the effective date of the Plan; and it is further

FOUND, that the Debtor neither owes nor pays retiree benefits; and it is further

FOUND, that the Debtor is not obligated on any domestic support obligations; and it is further

FOUND, that transfers of property under the Plan are therein provided to be made in accordance with governing nonbankruptcy law; and it is further

FOUND, that the Plan is fair and equitable in nature and, as noted above, does not discriminate unfairly; and it is further

ORDERED, that any and all taxes due and owing on account of any real property held—or to be held—by the Debtor shall be paid, in full, on or before the effective date of the Plan, to include any post-petition obligations; and

5

ORDERED, that the Plan be, and hereby is, CONFIRMED pursuant to the allowances of Section 1191(b) of Title 11 of the United States Code, with said confirmation being non-consensual in nature; and it is further

ORDERED, that pursuant to the provisions of Section 1192 of Title 11 of the United States Code, the Debtor shall receive a discharge upon the making of the final payment called for in the Plan; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(1), the Debtor shall file a notice of substantial consummation within fourteen (14) days of such occurrence; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(2), the Debtor shall file post-confirmation progress reports not later than six months after the date of entry of this order and every six months thereafter until such a time as a final decree is filed; and it is further

ORDERED, that the Debtor shall file and serve a notice of the effective date of the Plan, with such service to be on all parties in interest.

Copies:
All Counsel of Record