IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **In re:**<br><br>**7333 NEW HAMPSHIRE T UNITS LLC,**<br><br>**Debtor.** | Case No. 25-19766-LSS<br>Chapter 11 (Subchapter V) |

NOTICE OF DEFAULT AND
REQUEST FOR ORDER DISMISSING CASE

Matthew W. Cheney, the Acting United States Trustee for Region 4, by counsel, files this Notice of Default and Request for Order Dismissing Case pursuant to the Consent Order Resolving United States Trustee's Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case (the "Consent Order") [ECF 43], and in support thereof, respectfully states as follows:

1. On October 19, 2025, the Debtor initiated this case by filing a voluntary Chapter 11 petition, electing to proceed under Subchapter V of Chapter 11 as a small business debtor ECF 1.

2. On January 27, 2026, the United States Trustee filed the United States Trustee's Motion to Convert Case to Chapter 7 or, in the alternative, to Dismiss Case ("UST Motion"), citing gross mismanagement of the estate, failure to maintain insurance, failure to file monthly operating reports, and failure to timely provide information reasonably requested by the United States Trustee. ECF 27.

3. On February 12, 2026, the Debtor filed its monthly operating reports for October 2025, November 2025, December 2025, and January 2026. ECF 35-38.

4. That same day, the Debtor also filed its opposition to the UST Motion. ECF 39.

1

5. The United States Trustee and the Debtor agreed to the terms of the Consent Order to resolve the UST Motion.  ECF 43.

6. Under the terms of the Consent Order:

   a. The Debtor shall timely file all future monthly operating reports on or before the 21st day of the applicable month until the case is converted or dismissed or closed by final decree, whichever occurs first;

   b. The Debtor shall close all pre-petition bank accounts and open a Debtor in Possession Bank Account with a United States Trustee approved depository institution within fourteen (14) days from the date of the Consent Order and provide the United States Trustee with documents showing compliance;

   c. The Debtor shall, within seven (7) days of the Consent Order, add the United States Trustee as a notice party to all insurance policies protecting the estate and estate assets;

   d. The Debtor shall, within seven (7) days of the Consent Order, provide the United States Trustee with the Debtor's rent roll and balance sheet;

   e. Upon any default of any term of the Consent Order, the Debtor shall have seven (7) days to cure the outstanding default; and

   f. If the Debtor fails to comply with the terms of the Consent Order in any respect and does not cure the outstanding default within seven (7) days, the United States Trustee may file a Notice of Default advising the Court of such non-compliance, upon which this case shall be dismissed without further hearing.

7. The Consent Order was entered by the Court on February 20, 2026.

8. The Debtor did not provide the United States Trustee with proof of closing all

pre-petition bank accounts and proof of opening a Debtor in Possession Bank Account by March 6, 2026.  The Debtor is therefore in default under the Consent Order but is currently within the seven-day cure period provided by the Consent Order.  This cure period expires on March 13, 2026.

9. The Debtor did not add the United States Trustee as a notice party to all insurance policies protecting the estate and estate assets by February 27, 2026.  It therefore defaulted under the Consent Order.  The Debtor did not cure this default within the seven-day cure period provided by the Consent Order, which expired on March 6, 2026.

10. The Debtor did not provide the United States Trustee with the Debtor's rent roll and balance sheet by February 27, 2026.  It therefore defaulted under the Consent Order.  The Debtor did not cure this default within the seven-day cure period provided by the Consent Order, which expired on March 6, 2026.

11. The Debtor is in violation and default of the Consent Order.  Pursuant to the Consent Order, this case should be dismissed.

WHEREFORE, the United States Trustee respectfully requests that the Court enter the attached proposed order dismissing the case.

Dated: March 10, 2026

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

*By: /s/ Courtney L. Morgan*
Courtney L. Morgan, Bar No. 17817
Trial Attorney
Office of United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Telephone: (301) 344-0023

Fax: (301) 344-8431
Email: Courtney.L.Morgan@usdoj.gov

Case 25-19766    Doc 50    Filed 03/10/26    Page 4 of 5

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 10, 2026, a copy of the foregoing Notice of Default and Request for Order Dismissing Case was served electronically through the Court's Electronic Case Filing notices system on the following:

- **Richard L. Costella**  rcostella@tydings.com, myoung@tydings.com;pcoolbaugh@tydings.com
- **L. Jeanette Rice**  Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **US Trustee - Greenbelt**  USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**  mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                /s/ Courtney L. Morgan
                                                Courtney L. Morgan