United States Bankruptcy Court
District of Maryland

In re:

7333 New Hampshire T Units LLC

Debtor

Case No. 25-19766-LSS

Chapter 11

# CERTIFICATE OF NOTICE

| District/off: 0416-0 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 18, 2026 | Form ID: pdfall | Total Noticed: 15 |

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | 7333 New Hampshire T Units LLC, 1801 16th Street, NW#606, Washington, DC 20009-3324 |
| cr | + | West 11 LLC, 1700 Reisterstown Rd, Suite 212, Baltimore, MD 21208-2484 |
| 32990173 | + | Comptroller of Maryland, Revenue Administration Division, PO Box 549, Annapolis, MD 21404-0549 |
| 32990175 | + | Hermes Espinoza, 7333 New Hampshire Avenue, Unit 902, Takoma Park, MD 20912-6965 |
| 32990178 | + | Lawrence Wachtel, Esq., 1401 Rockville Pike, Suite 560, Rockville, MD 20852-1434 |
| 32990177 | + | Lawrence Wachtel, Esq., 1401 Rockville Pike, Unit 560, Rockville, MD 20852-1434 |
| 32990179 | + | Montgomery County, 27 Courthouse Square, Suite 200, Rockville, MD 20850-2308 |
| 32990180 | + | Takoma Overlook Condominium Association, 401 N. Washington Street, Suite 500, Rockville, MD 20850-1789 |
| 33019264 | + | Takoma Overlook Condominium Association, Inc., c/o Lawrence I. Wachtel, Esq., 1401 Rockville Pike, Suite 560, Rockville, Maryland 20852-1434 |
| 32990181 | + | West 11, LLC, c/o Eskin Law, LLC, 1700 Reisterstown Rd Ste 212, Pikesville, MD 21208-2484 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 33044868 | | Email/Text: Bankruptcymail@marylandtaxes.gov | Mar 18 2026 19:38:00 | Comptroller of Maryland, 7 St. Paul Street, Bankruptcy, Suite #23, Baltimore, MD 21202-0636 |
| 32990174 | + | Email/Text: angela.coleman@dc.gov | Mar 18 2026 19:39:00 | DC Office of Tax and Revenue, 1101 4th St., SW, 270, Washington, DC 20024-4457 |
| 32990176 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Mar 18 2026 19:39:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 33048276 | + | Email/Text: rcostella@tydings.com | Mar 18 2026 19:39:00 | West 11, LLC, c/o Tydings & Rosenberg LLP, 1 East Pratt Street, Suite 901, Baltimore, MD 21202-1249 |
| 33168671 | + | Email/Text: rcostella@tydings.com | Mar 18 2026 19:39:00 | West 11, LLC, c/o Richard L. Costella, Tydings & Rosenberg, LLP, 1 East Pratt Street, Suite 901, Baltimore, Maryland 21202-1249 |

TOTAL: 5

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

District/off: 0416-0

User: admin

Page 2 of 2

Date Rcvd: Mar 18, 2026

Form ID: pdfall

Total Noticed: 15

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2026                    Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 18, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Courtney L. Morgan | courtney.l.morgan@usdoj.gov  USTPRegion04.GB.ECF@USDOJ.GOV |
| L. Jeanette Rice | Jeanette.Rice@usdoj.gov  USTPRegion04.GB.ECF@USDOJ.GOV |
| Maurice Belmont VerStandig | mac@mbvesq.com lisa@mbvesq.com,mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email |
| Richard L. Costella | rcostella@tydings.com  myoung@tydings.com,pcoolbaugh@tydings.com |
| US Trustee - Greenbelt | USTPRegion04.GB.ECF@USDOJ.GOV |

TOTAL: 5

Entered: March 18th, 2026
Signed: March 18th, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In re                                                    Case No. 25-19766

7333 New Hampshire T Units LLC                           Chapter 11

    Debtor.

_____/

### ORDER CONFIRMING CHAPTER 11 PLAN

Upon consideration of the Debtor's Subchapter V Plan of Reorganization (the "Plan"), DE #26, the lack of any objection to the confirmation thereof, the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

FOUND, that the Plan designates classes of claims in a manner compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

FOUND, that the Plan specifies the treatment of each class of claims thereunder; and it is further

FOUND, that the Plan provides for the same treatment for each claim or interest of each particular class; and it is further

1

FOUND, that the Plan provides adequate means for the Plan's implementation, providing for the payment—in full—of all claims, through a capital contribution from equity, on the effective date of the Plan; and it is further

FOUND, that the Debtor is a limited liability company, not a corporation; and it is further

FOUND, that the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the plan and any successor to such officer or director; and it is further

FOUND, that the Debtor is not an individual; and it is further

FOUND, that the Plan complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Debtor complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Plan has been proposed in good faith and not by any means forbidden by law; and it is further

FOUND, that any payment to be made by the Debtor, for services or for costs and expenses in or in connection with this case—or in connection with the Plan and incident to the case—is subject to the approval of this Honorable Court, except for where such services or costs and expenses solely relate to activities undertaken (i) before this case was filed or (ii) after the Plan is confirmed; and it is further

FOUND, that the Debtor has disclosed that Michael Postal will continue to serve as the sole officer, director and shareholder of the Debtor, following confirmation of the Plan; and it is further

FOUND, that service by Mr. Postal is consistent with the interests of creditors, the equity security holder, and public policy; and it is further

FOUND, that no government regulatory commission has jurisdiction over the rates of the Debtor; and it is further

FOUND, that each impaired class of claims or interests, under the Plan, has either (i) accepted the Plan; or (ii) will receive or retain under the Plan, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder(s) would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code; and it is further

FOUND, that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is thereunder impaired and has not voted to accept the Plan; and it is further

FOUND, that the Plan provides for the payment—in full—of claims arising under Section 507(a)(2) of the Bankruptcy Code; and it is further

FOUND, that this was not an involuntarily filed case and, as such, there do not exist any claims under Section 507(a)(3) of the Bankruptcy Code; and it is further

FOUND, that insofar as the Debtor is not a natural person, there do not exist any claims under Section 507(a)(1) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims correlative to wages, salaries, commissions, or sales commissions, within the ambit of Section 507(a)(4) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims for contribution to an employee benefit plan; and it is further

3

FOUND, that the Debtor is not—and has not been—in the business of raising grain or acting as a fisherman or fishery; and it is further

FOUND, that there do not exist herein any allowed claims correlative to deposits within the ambit of Section 507(a)(7) of the Bankruptcy Code; and it is further

FOUND, that the Plan provides for payment, on the effective date, of all taxes within the ambit of Section 507(a)(8) of the Bankruptcy Code; and it is further

FOUND, that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan; and it is further

FOUND, that all fees due and owing, by the Debtor, under section 1930 of title 28 of the United States Code have either been paid or, pursuant to the provisions of the Plan, are to be paid not later than the effective date of the Plan; and it is further

FOUND, that the Debtor neither owes nor pays retiree benefits; and it is further

FOUND, that the Debtor is not obligated on any domestic support obligations; and it is further

FOUND, that transfers of property under the Plan are therein provided to be made in accordance with governing nonbankruptcy law; and it is further

FOUND, that the Plan is fair and equitable in nature and, as noted above, does not discriminate unfairly; and it is further

ORDERED, that any and all taxes due and owing on account of any real property held— or to be held—by the Debtor shall be paid, in full, on or before the effective date of the Plan, to include any post-petition obligations; and

4

ORDERED, that the Plan be, and hereby is, CONFIRMED pursuant to the allowances of Section 1191(b) of Title 11 of the United States Code, with said confirmation being non-consensual in nature; and it is further

ORDERED, that pursuant to the provisions of Section 1192 of Title 11 of the United States Code, the Debtor shall receive a discharge upon the making of the final payment called for in the Plan; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(1), the Debtor shall file a notice of substantial consummation within fourteen (14) days of such occurrence; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(2), the Debtor shall file post-confirmation progress reports not later than six months after the date of entry of this order and every six months thereafter until such a time as a final decree is filed; and it is further

ORDERED, that the Debtor shall file and serve a notice of the effective date of the Plan, with such service to be on all parties in interest.

Copies:
All Counsel of Record

5